ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 1 1 2005

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 3:04-CV-2099-D |
| SHENG-RAAMCO MANAGEMENT, INC., d/b/a SUMMERWOOD APARTMENTS, ) | ) ) | |
| Defendant. | ) ) ) | |

## ORDER

Came on to be heard Plaintiff's Motion to Quash, Motion for Protective Order and

Defendant's Motion to Strike Plaintiff's Objections and Compel Responses to Defendant's First

Requests for Production and First Set of Interrogatories and Defendant's Response to Plaintiff

EEOC's Motion to Quash and Motion for Protective Order, and after reviewing the evidence and

arguments of counsel, the Court issues the following Order. The Plaintiff's Motion to Quash is

GRANTED in part and DENIED in part.  Defendant's Motion to Compel is GRANTED in part

and DENIED in part.

It is ORDERED, ADJUDGED AND DECREED that any employment documents

gathered by Gill Records Service as a result of the  Notice of Intention to Take a Written

Deposition served by the Defendant on:

> A.    The Parks at Arlington,
> B.    Sierra Point Apartments,
> C.    Glamour Shots-Corporate Office, and
> D.    Cedar Hill Nursing Home

will be sent immediately by mail to the EEOC for inspection. These records will be sent to Bill

Backhaus, Sr. Trial Attorney, EEOC, 207 S. Houston, Dallas, Texas 75202 (telephone 214-253-

2742.) The EEOC will inspect the documents and within 10 days of receipt, produce to the

Defendant all employment documents relating to Ms. Gill's dates of employment, job

description, duties, work performance, attendance records, W-2 forms and 1099 forms. If any

medical records are produced as a result of these Notices for Depositions on Written Questions,

EEOC will review the records and produce to the Defendant only those medical records that bear

on any mental or physical condition that Ms. Gill suffered as a result of her termination by the

Defendant. Within 10 days of receipt, EEOC will provide the Defendant with a privilege log

listing by date, description and signatory, any of these documents withheld from production by

the EEOC based on asserted privileges or Ms. Gill's privacy concerns. Within 10 days of receipt

of the documents from Gill Records Service, the EEOC will mail these documents to Ryan

Griffitts, Thompson, Coe, Cousins & Irons L.L.P., 700 N. Pearl Street, 25th floor, Dallas, Texas

75201-2832.

It is HEREBY ORDERED, ADJUDGED and DECREED that within 10 days from the

entry of this order, the EEOC will provide to Defendant an answer to Interrogatory 14 for the

time period of five (5) years before Charging Party went to work for Defendant to the present.

Within 10 days after the entry of this order, the EEOC also will provide the Defendant with an

answer to Interrogatory 15. Also within 10 days from the entry of this order, the EEOC will

produce documents in response to the Defendant's Request for Production 18 (a-e) and (g-j).

With regard to Request for Production 19, EEOC is ordered to inform the Defendant whether or

not Ms. Gill held other employment concurrent to her work with Sheng-Raamco. If the answer is

yes, the EEOC will respond to Request No. 19.  EEOC is ordered to respond to Defendant's

Request for Production 21.

It is HEREBY ORDERED, ADJUDGED and DECREED that on or about 10 days from

the entry of this Order, EEOC will provide a limited response to Defendant's Interrogatory No.

17, by  providing only a list of all physicians, psychiatrists, psychologists or healing practitioners

seen by Charging Party Nanette Gill from 2000 to 2005.

In all other respects, the EEOC's Motion to Compel and Motion for Protective Order and

Defendant's Motion to Strike Plaintiff's Objections and Compel Responses to Defendant's First

Requests for Production and First Set of Interrogatories and Defendant's Response to Plaintiff

EEOC's Motion to Quash and Motion for Protective Order are DENIED.

July 11, 2005
DATE

U.S. MAGISTRATE JUDGE